No.——

First Circuit

---

## DAUGEREAU v. NEW ORLEANS, TEXAS AND MEXICO RAILWAY COMPANY

---

(Jan. 7, 1927.    Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana    Digest—Pleading—Par.    96, 98.**

Where plaintiff annexes to his petition a contract and judgment, they have con-

trolling effect, if any conflict arises between these documents and the allegations of the petition.

**2. Louisiana Digest—Pleading—Par. 62, 96, 98.**

A petition which stated that a certain amount is due but does not show a privilege which, however, is contained in annexed documents states sufficient to show the rank of the privilege and an exception no cause of action will be overruled.

Appeal from District Court of Jefferson Davis Parish. Hon. Thos. F. Porter, Judge.

Action by Alfred Daugereau against New Orleans, Texas and Mexico Railway Company.

There was judgment dismissing the suit on an exception of no cause of action.

Plaintiff appealed.

Judgment reversed and case remanded for trial.

Modisette & Adams, of Jennings, attorneys for plaintiff, appellant.

Powell & Lecompte, of De Ridder, attorneys for defendant, appellee.

MOUTON, J.    Plaintiff sues defendant company on various allegations in a petition of thirty-two paragraphs for the recovery of $1,226.70 with legal interest from May 30, 1925.

The demand was dismissed on an exception of no cause of action. Plaintiff appeals.

Plaintiff, on March 22, 1925, sold some standing timber to T. T. Nixon for $2,000.00 on which a balance remained unpaid. He instituted suit against Nixon for $1,605.00, balance alleged to be due, and sequestered 2115 cross-ties on the right of way of defendant company which plaintiff averred had been cut from the timber sold to Nixon. The attorneys of defendant company on June 12, 1925, entered into negotiations with attorneys for plaintiff to have the timber released from the seizure under the sequestration. In a conference had between the attorneys of plaintiff and defendant, it was suggested, as appears from the allegations of plaintiff's petition, that the defendant company could take the ties, with the understanding that if it should be decided that the rights of the plaintiff were superior to those of defendant, that in such event the company would pay plaintiff the price it claimed to have already paid for the ties. It is averred by plaintiff that in pursuance of the discussions between the attorneys as above stated, and as embodying the understanding reached between them, the attorneys of defendant company wrote a letter to the attorneys of plaintiff, dated August 14, 1925, in which the attorneys for defendant agreed that the railroad company would respond in the amount of the value of the ties, if upon trial, it should be found that these ties, at the time of the sequestration, belonged to the defendant Nixon or that the plaintiff, Alfred Daugereau, had a lien upon them that followed the ties in the hands of the railway company, as would more fully appear by said letter of agreement. This letter, which is annexed to the petition, after making reference to the negotiations to which we have hereinabove referred, says:

"Accordingly, the New Orleans, Texas and Mexico Railway Company promises that if, after due trial, it be found that the said cross-ties were at the time of the sequestration the property of the defendant, Tina T. Nixon, or that the plaintiff, Alfred Daugereau, held a lien on them that followed the ties into the hands of the railway company, the railway company will deposit in court, subject to the judg-

ment obtained by you in the aforesaid case, the sum of $1,226.70, the price paid by the railway company to Putnam Brothers for these ties."

The prayer of the petitioner is for the recovery of $1,226.70, the amount which the company admitted, in its letter, to have paid for the ties. There is no prayer for the recognition of any privilege. The opinion of the district judge which maintained the exception deals almost exclusively with the question involving the existence or non-existence of a privilege. We shall direct our attention to the discussion and solution of the issuses as to whether or not it was found in the case of Daugereau vs. Nixon that the cross-ties were the property of Nixon at the time of the sequestration. We do so because the attorneys for defendant company agreed in their letter of August 14, 1925, that if it were so found, the company obligated itself to deposit the amount it paid for these ties in the registry of the court.

Plaintiff on filing this suit annexed to his petition the contract by virtue of which he sold the timber to Nixon; and, also the judgment rendered by the court in the case of Plaintiff vs. Nixon. By so annexing the contract and judgment they have become part of the petition, and would in law have a controlling effect if any conflict had arisen between these documents and the allegations of the petition.

The contract shows clearly that the standing timber was sold to Nixon part cash, and the balance on terms of credit. It was for the enforcement of the deferred payments that the suit was insti-tuted by Daugereau against Nixon. Daugereau was unquestionably the vendor and Nixon the vendee and owner. The judgment rendered in the case of Daugereau vs. Nixon was in favor of the plaintiff for $1,605.00, the unpaid balance of the purchase price for the timber, with recognition in favor of plaintiff herein of his vendor's lien and privilege on the cross-ties and maintaining the sequestration. It is obvious that Nixon was recognized in that judgment as the owner of the cross-ties, otherwise it would have been impossible for the lower court to have decreed a vendor's privilege in favor of Daugereau.

Counsel for defendant company contends that plaintiff has failed to allege that when the ties were seized, they were Nixon's property. The court, as we have above stated, of necessity, found that the ties belonged to Nixon as vendee, else the vendor's privilege could not have been recognized. The court also maintained the sequestration. As it was so held by the court in the case of Daugereau vs. Nixon, and the prayer of plaintiff is for $1,226.70, the amount defendant admits to have paid for the cross-ties, a cause of action is legally set out in his petition, and entitles him to a reversal of the judgment.

It is therefore ordered, adjudged and decreed that the judgment be avoided and reversed; it is further decreed that the exception be overruled and that this case be remanded to the lower court to be proceeded with according to law; appellee to pay the costs of this appeal and the cost of the lower court to await the decision of this case.